THE PEOPLE v. ROBERT M. DONALD.

*Embezzlement—Allegation of value—Bank-paper—Time of offence.*

An information for the embezzlement or statutory larceny of "money" is defective for not stating its value if the money embezzled consisted of checks and certificates of deposit. But the defect is open to amendment.

There is no legal presumption, for the purposes of a criminal prosecution, that bank notes, checks, bills of exchange and other securities for money are worth the sums which they represent, or any sum.

Comp. L. § 7811 provides that in a prosecution for embezzlement evidence may be given of "any such embezzlement committed within six months next *after* the time stated in the indictment." *Held,* that under this statute an information for embezzlement cannot be sustained by evidence of acts committed before the time stated.

Error to Muskegon. Submitted. April 25. Decided June 14.

INFORMATION for embezzlement. Respondent was convicted. Reversed; prisoner discharged.

*F. W. Cook* for respondent appellant.

Attorney General *Jacob J. Van Riper* for the People.

COOLEY, J. The respondent in this case was found guilty upon the following information:

"*State of Michigan*, *County of Muskegon*. *ss*.

The circuit court for the county of Muskegon.

Nelson De Long, prosecuting attorney for the county of Muskegon aforesaid, for and in behalf of the People of the State of Michigan, comes into said court in the January term thereof, A. D. 1882, and gives it here to understand and be informed that Robert M. Donald, late of the city of Muskegon in the county of Muskegon and State of Michigan, heretofore, to wit, on the first day of November, in the year one thousand eight hundred and eighty-one, at the city of Muskegon in said Muskegon county, being then and there an agent and employee of the Muskegon Wood Package and Basket Company, a corporation organized and doing business at said city of Muskegon under the laws of the State of Michigan, and not then and there being an apprentice or other person under sixteen years of age, did by virtue of his said employment, then and there and while he was agent and employee as aforesaid, receive into his possession a large sum of money, to wit, the sum of fifteen hundred dollars ($1500), the property of the Muskegon Wood Package and Basket Company, and did then and there fraudulently and feloniously, embezzle and convert the same to his own use without the consent of his employers, and the said Robert M. Donald then and there feloniously, in the manner and form aforesaid, the said sum of fifteen hundred dollars did steal, take, and carry away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Michigan.

NELSON DE LONG

Prosecuting Attorney for the County of Muskegon."

The evidence tended to show the employment of the respondent as alleged; that he received by virtue of his employment a check for $98.93 which he feloniously converted June 8, 1881; a certificate of deposit for $100 which he converted June 21, 1881, and a check for $132.62 which he converted some time between the first and the twentieth of September, 1881. These acts constituted the offence of which the jury found him guilty. The conversion in each case consisted in making use of the check or certificate as money. When the case went to the jury counsel for the respondent requested instruction that there could be no conviction because the information contained no averment of value. This was refused.

The refusal was error. The offence charged is a statutory larceny. Comp. L. § 7580. As in other cases of larceny the grade of the offence depends on the value of the property feloniously converted; if over $25 the case is one of felony; if under $25 it is a misdemeanor only. The punishment is essentially different in the two cases; Comp. L. § 7569; and the misdemeanor may be tried in justice's court; Comp. L. § 5525. For the purposes of a description of the offence in the information, bank notes, checks, bills of exchange and other securities for money may be treated and described as money; Comp. L. § 7811. But such securities are or may be of uncertain value; there is no legal presumption that their actual value corresponds to the sum which they nominally represent, or to any other sum whatsoever. It becomes just as necessary to allege value, therefore, when securities were the subject of the larceny, as in other cases. The fact of their being called money in the information can make no difference. They are not money in fact; they may not have had the value of money; and there is nothing in the absence of the allegation and proof of value which can determine the grade of the offence.

This defect was no doubt amendable; but unfortunately the evidence disclosed the fact that an amendment in this case could have been of no avail. On referring to the statute it is seen that this peculiar statutory offence is permitted to be made out by evidence " of any such embezzlement committed within six months next after the time stated in the indictment." Comp. L. § 7811. There was no attempt whatever to prove an embezzlement after the time stated in the information; all the evidence given was of previous acts. The prosecution under the statute was therefore not sustained; and as the evidence would not support the information as a common-law charge, the respondent was entitled to a discharge. It must be certified accordingly.

MARSTON and CAMPBELL, JJ. concur.