## PEOPLE *v.* GILBERT.

1. LARCENY—CRIMINAL LAW—VALUE.

   In a prosecution for larceny of a watch and chain, testimony of the owner that it was worth $42.50 to her, is incompetent to prove its market value.

2. SAME—EVIDENCE—SIMPLE LARCENY.

   Where other evidence was introduced to show that the stolen watch was worth $25, and no competent evidence appeared of record that the value was more than $25, respondent was erroneously convicted of a circuit court offense.

3. SAME—MARKET PRICE—EVIDENCE.

   By value is meant, not what the thing is worth to the owner, but the price that it would bring at the time and place of larceny in open market.

4. SAME—SENTENCE—JUSTICES OF THE PEACE.

   For a conviction at circuit of a crime within the jurisdiction of a justice of the peace, no greater punishment can be imposed than could be imposed by a justice (*People* v. *Harrington*, 75 Mich. 112 [42 N. W. 680]), and where respondent has already served seven months of a sentence, which, at its maximum, should be only three months, the respondent should be discharged.

Error to Ingham; Collingwood, J.   Submitted October 21, 1910.   (Docket No. 148.)   Decided December 7, 1910.

William Gilbert was convicted of larceny and brings error. Reversed, and prisoner discharged.

*Jason E. Nichols*, for appellant.

*Walter S. Foster*, Prosecuting Attorney, for the people. ,

McALVAY, J.   Respondent was prosecuted and convicted of stealing personal property of the value of over $25.   He was sentenced to prison at Ionia for the period of not more than 5 years and not less than 2½ years. The court recommended that he should serve 5 years.

In bringing the case to this court for review, respondent raises but one question.   He insists that under the proofs he should have been convicted of larceny of goods under the value of $25 and sentenced accordingly.   All of the proof tending to show the value of the stolen property to be greater than $25 was based upon the inquiry as to what it was worth to the owner.   The property consisted of a watch and chain, and the owner testified that she did not know its value, and only from hearsay knew what it cost several years before, when her daughter made a present of it to her.   She testified that the property was worth to her $42.50; that she did not know the value of it.   All of this testimony was subject to objection, and the court refused to strike it out.

The court was in error in receiving such evidence.   The rule is well settled that the special value to the owner of property stolen is not the proper basis for proving its value.   If the articles have a market value at the time and place of larceny, that is the true basis.   1 McClain on Criminal Law, par. 585.

"By value is meant, not what the thing is worth to the owner, but the price that it would bring in open market." 18 Am. & Eng. Enc. Law (2d Ed.), p. 467, citing *State* v. *Doepke*, 68 Mo. 208 (30 Am. Rep. 785).

There was evidence of the market value of this property.   Eliminating the testimony objected to, there was

no evidence in the case from which the jury could determine this property to be of greater value than $25, which must be found in order to convict of "grand" larceny. Counsel for respondent argues that his client should have been convicted of "simple" larceny and sentenced accordingly. We agree with this contention.

Such being our conclusion, we must consider the sentence imposed by the court. The offense proved against respondent, and for which he should have been convicted and sentenced, was larceny of property of less value than $25, and within the jurisdiction of a justice of the peace.

"It is the settled law of this State that for a conviction at the circuit of a crime within the jurisdiction of a justice, no greater punishment can be given than could be imposed by a justice." *People* v. *Harrington*, 75 Mich. 112 (42 N. W. 680).

The maximum term of imprisonment which a justice may impose is three months, and more than that time has expired since respondent was committed under the sentence of the court. In any view which may be taken of this case, he cannot be longer confined.

The judgment is therefore reversed, and respondent is ordered discharged.

HOOKER, MOORE, BROOKE, and BLAIR, JJ., concurred.