PEOPLE v. HANENBERG.

1. RECEIVING STOLEN GOODS—MARKET VALUE—BURDEN OF PROOF.
    Burden of proving market value, if there is one, of goods at
    time and place of larceny is upon people in prosecution for
    receiving stolen goods (Act No. 328, § 535, Pub. Acts 1931).

2. SAME—EVIDENCE—MISDEMEANOR.
    In prosecution for receiving stolen goods, evidence held, insuffi-
    cient to warrant conviction of felony where watch stolen was
    not shown to have had a market value of more than $50 at time
    and place stolen (Act No. 328, § 535, Pub. Acts 1931).

3. CRIMINAL LAW—UNINDORSED WITNESSES—REBUTTAL.
    Testimony by witnesses, whose names had not been indorsed on
    information, as to transaction not shown to have had any ref-
    erence to property alleged to have been received by defendant,
    knowing it to have been stolen, held, not proper rebuttal where
    no showing was made of right to indorse and since, if com-
    petent as showing intent, it was a part of the people's main
    case (3 Comp. Laws 1929, §§ 17254, 17320; Act No. 328, § 535,
    Pub. Acts 1931).

Appeal from Wayne; Webster (Arthur), J. Sub-
mitted January 16, 1936. (Docket No. 120, Calen-
dar No. 38,607.) Decided March 2, 1936.

Charles Hanenberg was convicted of felony of
receiving stolen goods. Reversed, and new trial
granted.

*Herman L. Berg,* for appellant.

*David H. Crowley,* Attorney General, *Edmund E.
Shepherd,* Assistant Attorney General, *Duncan C.
McCrea,* Prosecuting Attorney, and *Sweetman G.
Smith,* Assistant Prosecuting Attorney, for the
people.

Fead, J.   Defendant reviews his conviction of the felony of receiving stolen property, a lady's wrist watch, of the value of $55, knowing it to have been stolen.   If the value was $50 or less, the offense would be a misdemeanor.   Act No. 328, § 535, Pub. Acts 1931.   The questions here are upon the proof of value and the indorsement of names upon the information.

It is incumbent upon the people to prove the market value at the time and place of the larceny, *People* v. *Gilbert,* 163 Mich. 511 (Ann. Cas. 1912 A, 894), if there is a market value.

The watch was a gift to the owner two years before the theft and was worn by her.   She gave no testimony of the cost or value.   A jeweler, who had had no experience in second-hand watches or jewelry, said its market value, when new, was not less than $65 at retail, but he could not give or guess or appraise its market value at the time it was stolen. He interjected the statement that there was no market value or "recognized price" in used watches. He did not say there was no market for second-hand watches nor that they could not be sold readily. In view of his confessed ignorance of the subject and common knowledge that second-hand watches are salable, the interjection did not impeach defendant's testimony that there are dealers in second-hand watches, from whom he has purchased, and that the value of the watch was $6 or $7.   Upon the testimony defendant could not be convicted of more than a misdemeanor.

On cross-examination defendant was asked whether he knew two persons named and had bought jewelry from them.   He denied acquaintance and purchase.   On rebuttal, those persons were offered as witnesses and objection made that their names

were not on the information and their testimony was not proper rebuttal. They were permitted to testify without indorsement of their names nor showing of right to indorse. One said that the next morning after the theft of the watch he had sold stolen jewelry to defendant and defendant had made no inquiry as to his right to sell. The other said he witnessed the sale. The record does not show that this transaction had any reference to the property at bar.

If competent as proof of a collateral act to show intent under 3 Comp. Laws 1929, § 17320, the testimony was admissible on the people's main case. Defendant had a right to require a showing by the people of proper reason for failure to sooner indorse the names. In *People* v. *Tamosaitis*, 244 Mich. 258, relied on by the people, the witness was purely in rebuttal and the record, unlike that at bar, affirmatively showed legal cause for delayed indorsement. Only the physical act of writing the name on the information was wanting. Although the *Tamosaitis Case* has been cited many times, in excuse of violation of the statute requiring indorsement, 3 Comp. Laws 1929, § 17254, this court consistently has refused to extend the exception made by it or to countenance disregard of essentials of the statute. Examination of the witnesses was error. *People* v. *Blue,* 255 Mich. 675; *People* v. *Smith,* 257 Mich. 319; *People* v. *Lummis,* 260 Mich. 170; *People* v. *Koukol,* 262 Mich. 529 (87 A. L. R. 878); *People* v. *Kennedy,* 267 Mich. 430; *People* v. *Rose,* 268 Mich. 529.

Reversed, with new trial.

North, C. J., and Wiest, Butzel, Bushnell, Edward M. Sharpe and Potter, JJ., concurred. Toy, J., did not sit.