PEOPLE *v.* HAYNES

CRIMINAL LAW—MOTOR VEHICLES—REMOVING PROPERTY VALUED OVER
$5—ELEMENTS OF CRIME—VALUE.
> The value of articles removed from a motor vehicle is an element
> of the crime of unlawfully removing property of the value of
> not less than $5 from a motor vehicle and the failure to prove
> the value of the goods requires that a defendant's properly-
> made motion for a directed verdict of not guilty at the close
> of the people's case be granted (MCLA § 750.356a).

Appeal from Recorder's Court of Detroit, Elvin
L. Davenport, J.    Submitted Division 1 September
7, 1971, at Detroit.    (Docket No. 11835.)    Decided
October 27, 1971.    Leave to appeal applied for.

Lorenzo Haynes was convicted of entering or
breaking and entering a motor vehicle for the pur-
pose of stealing or unlawfully removing property of
the value of not less than $5.    Defendant appeals.
Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William A. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *John L. Quaine,*
Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobiles and Highway Traffic § 340.
50 Am Jur 2d, Larceny § 45 *et seq.*

Before: LESINSKI, C. J., and QUINN and BRONSON, JJ.

PER CURIAM. Defendant's non-jury trial resulted in his conviction of entering or breaking and entering a motor vehicle for the purpose of stealing or unlawfully removing property of the value of not less than $5, MCLA § 750.356a (Stat Ann 1954 Rev § 28.588[1]). He was sentenced and he appeals.

At the close of the people's case, there was no proof of the value of the article defendant removed from the motor vehicle. He moved for a directed verdict of not guilty. The motion was denied, defendant rested and the judge found him guilty.

Defendant attacks his conviction on the ground that the people failed to prove all elements of the offense. The attack is valid and successful, *People v. Hanenberg* (1936), 274 Mich 698.

Reversed.