PEOPLE v EARLE

CRIMINAL LAW—SEARCHES AND SEIZURES—ARREST—PROBABLE CAUSE
—MOTION TO SUPPRESS EVIDENCE.

A motion to suppress evidence was properly denied where it was
shown that a restaurant employee followed two robbers to an
apartment complex after the restaurant was robbed, and after
losing sight of them observed a late model blue Cadillac leave
the apartment complex parking area; the police issued a radio
bulletin to be on the lookout for a late model blue Cadillac
occupied by two persons described as to appearance and cloth-
ing and indicated to be armed; a blue Cadillac was stopped by
police in the area less than ten minutes later although only a
single person was observed in the automobile at that point, and
although the automobile, while blue, had a black top; defend-
ants were observed in the back seat of the automobile and an
officer observed one of the defendants hiding something under
the back seat; and where, after arrest of the subjects, a search
of the automobile turned up a gun, cartridges, a BB pistol, and
money; there was probable cause to stop the automobile, arrest
the occupants, and search the automobile.

Appeals from Oakland, William P. Hampton, J.
Submitted Division 2 October 8, 1973, at Lansing.
(Docket Nos. 15220, 15221.) Decided January 15,
1974.

Ronald Earle and Lawrence Earle were con-
victed of armed robbery. Ronald Earle was also
convicted of felonious assault. Defendants appeal.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*

REFERENCE FOR POINTS IN HEADNOTE
68 Am Jur 2d, Searches and Seizures §§ 41–45, 62.

Prosecuting Attorney, and *Robert C. Williams,* Appellate Counsel, for the people.

*Curtis G. Rundell, II,* for defendants.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Following a joint jury trial both defendants were found guilty of robbery armed. MCLA 750.529; MSA 28.797. Defendant Ronald Earle was also found guilty of felonious assault. MCLA 750.82; MSA 28.277. Both defendants appeal as of right.

At about 10:30 p.m. on the evening of March 17, 1972 a certain Howard Johnson restaurant located in the area of Crooks Road and 13-Mile Road was robbed by two masked men. After receiving their ill-gotten gains, the two exited from the restaurant, followed by two employees. Despite the fusillade left by the departing felons, one of the employees was undeterred and followed the felons to a nearby apartment complex. At this point the employee lost sight of the two as they rounded the corner of a building; however moments later he observed a late model blue Cadillac exit from the parking area of the apartment complex.

At approximately 10:45 p.m., the Royal Oak Police Department issued a radio bulletin to be on the lookout for a late model blue Cadillac occupied by two persons, believed to have been involved in an armed robbery in the Crooks—13-Mile Road area. The bulletin further indicated that one of the robbers was a blond youth and the other wore bluejeans, the pair being armed with a nickle-plated revolver and a dark handgun.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Less than ten minutes after the radio bulletin police units from Royal Oak and Madison Heights observed a blue Cadillac stop at the intersection of Campbell and 13-Mile Road. Although only a single person was observed in the automobile at that point and, while blue, it had a black top, the officers felt it was sufficiently close to the description given in the bulletin to warrant further investigation. The automobile was stopped, whereupon defendants were observed in the back seat of the automobile. One of the officers observed one of the subjects hiding something under the back seat. The subjects were placed under arrest. A search of the automobile turned up a .32-caliber nickel-plated revolver, cartridges, a black BB pistol, some $207 in cash, and a roll of coins.

Defendants moved to suppress the above-noted evidence. The motion to suppress was denied, the trial court finding that there was probable cause for the police to stop the automobile, and arrest the occupants, and that the search was a proper search pursuant to a lawful arrest.

Defendants appeal asserting that the trial court's denial of their motion to suppress and the subsequent admission of the evidence constituted reversible error. Under these circumstances, the trial court was correct in determining that there was probable cause to stop the automobile, arrest the occupants, and search the automobile. See *Chambers v Maroney,* 399 US 42; 90 S Ct 1975; 26 L Ed 2d 419 (1970); *People v Miller,* 26 Mich App 665; 182 NW2d 772 (1970); *People v Thomas,* 33 Mich App 664; 190 NW2d 250 (1971); *People v LaTeur,* 39 Mich App 700; 198 NW2d 727 (1972).

Affirmed.

All concurred.