## PEOPLE v TILLMAN

1. Criminal Law—Judges—Disqualification of Judge—Prejudicial Remarks—Preliminary Examination.

A defendant is not entitled to reversal because of a prejudicial statement allegedly made against him in chambers by the judge conducting the preliminary examination who refused to disqualify himself, where defendant does not show how he was prejudiced by the alleged remark, neither the judge nor the prosecutor recall such a remark, the incident did not occur at the trial stage, and the record reveals a three-day proceeding conducted in an impartial manner.

2. Receiving Stolen Goods—Identity of Goods—Evidence—Discrepancy.

A single digit discrepancy between a 12-digit serial number found on a stereo and the one listed on the complaining witness's sales slip was not fatal to the identification of goods at a preliminary examination on a charge of receiving and concealing stolen property where the stereo was found with other stolen items in the trunk of a car a defendant was driving at the time of arrest and where the stereo was the same brand as the one that was stolen.

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 449.

[2] 66 Am Jur 2d, Receiving and Transporting Stolen Property § 21.

[3] 66 Am Jur 2d, Receiving and Transporting Stolen Property § 23.

[4] 68 Am Jur 2d, Searches and Seizures §§ 16, 35, 36, 41–45, 53, 57, 96.
Validity, under Federal Constitution, of warrantless search of automobile—Supreme Court cases. 26 L Ed 2d 893.

[5] 21 Am Jur 2d, Criminal Law §§ 127, 128, 130, 315.

[6] 21 Am Jur 2d, Criminal Law §§ 357, 367.
29 Am Jur 2d, Evidence §§ 320, 321.
Admissibility, at trial of criminal case, of evidence of defendant's criminal acts other than those charged—Supreme Court cases. 93 L Ed 185.

[7] 75 Am Jur 2d, Trial §§ 420, 421, 718, 837.
Duty in instructing jury in criminal prosecution to explain and define offense charged. 169 ALR 315.

3. RECEIVING STOLEN GOODS—VALUE OF GOODS—EVIDENCE—OPEN
MARKET VALUE.

A prosecutor satisfactorily proved the value of stolen property at
a preliminary examination on a charge of receiving and con-
cealing stolen property valued over $100 as an element of the
crime by presenting sufficient evidence to show that the prop-
erty in question was worth more than $100 on the open
market.

4. SEARCHES AND SEIZURES—PROBABLE CAUSE—SEARCH WITHOUT
WARRANT—EVIDENCE—SUPPRESSION OF EVIDENCE.

The police had probable cause to search an automobile driven by
a defendant where the defendant was arrested for an alleged
burglary within minutes and a few miles from the burglarized
premises and the facts surrounding the defendant's arrest also
provided the police with probable cause to believe that the
vehicle might contain contraband; even though the police had
no warrant for the search and the search was not valid as
incident to a lawful arrest, evidence obtained from such a
search need not be suppressed.

5. ATTORNEY AND CLIENT—REPRESENTATION OF CODEFENDANTS—
SHARED COUNSEL—EFFECTIVE ASSISTANCE OF COUNSEL.

Shared counsel is not prejudicial per se, and a defendant was not
denied the effective assistance of counsel, where his counsel,
who also represented a codefendant at trial, in closing argu-
ment pointed out that the case against the codefendant was
weaker than that against the defendant, and where counsel
argued that the evidence was insufficient to warrant a guilty
verdict against either defendant.

6. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—WITNESSES—DE-
FENDANT AS WITNESS.

Evidence of an accused's prior convictions is generally inadmissi-
ble when he chooses not to testify at trial.

7. CRIMINAL LAW—INSTRUCTIONS TO JURY—CLASSIFICATION OF OF-
FENSES—FELONIES—MISDEMEANORS—STATUTES.

It is not unreasonable for a trial judge to inform the jury of the
classification of an offense, whether felony or misdemeanor,
where such language is contained in the relevant statutes.

Appeal from Oakland, Robert L. Templin, J.
Submitted Division 2 February 12, 1975, at Lans-
ing. (Docket No. 18998.) Decided March 24, 1975.

Harvey Tillman was convicted of receiving and concealing stolen property valued over $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Barbara L. Betsey,* Assistant State Appellate Defender, for defendant.

Before: ALLEN, P. J., and T. M. BURNS and R. M. MAHER, JJ.

T. M. BURNS, J. Defendant Harvey Tillman and a co-defendant, Harvey Lee Collins, were convicted by a jury on July 30, 1973, of receiving and concealing stolen property valued over $100. MCLA 750.535; MSA 28.803. On October 5, 1973, defendant was sentenced to a 40 months to 5 years prison term. He now appeals as of right assigning several errors. Only those facts necessary to the resolution of the issues discussed shall be presented.

Defendant first claims that the judge who presided over his preliminary examination erroneously refused to disqualify himself for a prejudicial statement he allegedly made against defendant in his chambers.[1] Neither the judge nor the prosecutor could recall such statement being made; and even if the statement had been made in chambers, defendant has not shown this Court how he was prejudiced by it. Where, as here, the alleged incident did not occur at the trial stage before a jury, the presiding magistrate and prose-

---

[1] The trial judge allegedly referred to defendant as "that animal".

cutor did not admit any impropriety, the record reveals that the 3-day proceeding was conducted in an impartial manner and the evidence presented showed that a crime was committed, and that there was probable cause to believe that defendant had committed that crime, reversal is not required.

Defendant next contends that the trial court erred in denying his motion to quash the information on the ground that the prosecutor failed at the preliminary examination to prove two necessary elements of the charged offense—identity and value of the stolen property. The record does not support this claim.

The television, stereo speakers, and pillow cases found in the trunk of the automobile driven by the defendant were identified by the complaining witness. The stereo, found along with the items mentioned above, was identified by comparing it's model and serial numbers with those on a sales slip produced by the complaining witness. The serial number on the sales slip read 111040-400318 while the number on the stereo read 211040-400318. Considering the fact that the stereo was found with the other items in the trunk of the automobile defendant was driving at the time of his arrest and the fact that the stereo was the same make as that stolen, we are of the opinion that the single digit discrepancy in a 12-digit serial number was not fatal to identification under the facts of this case. The prosecutor satisfactorily proved that the value of the stolen property exceeded $100. Just as value does not signify the price a stolen article may be worth to it's owner, value does not necessarily connote what a liquidator will pay. Value means the price an item will bring on the open market. *People v Fishel,* 270

Mich 82; 258 NW 217 (1935), *People v Gilbert,* 163 Mich 511; 128 NW 756 (1910). See also *People v Otler,* 51 Mich App 256; 214 NW2d 727 (1974). The prosecutor presented sufficient evidence to show that the property in question was worth more than $100 on the open market. Therefore, the trial court did not err in refusing to quash the information.[2]

Defendant next asserts that the trial court erred in failing to grant his motion to suppress evidence obtained as a result of the search without a warrant of the automobile he was driving after he and Collins had been arrested and were in police custody. We agree with the defendant that the facts of this case will not support the theory that the search was valid as incidental to a lawful arrest. *Chimel v California,* 395 US 752; 89 S Ct 2034; 23 L Ed 2d 685 (1969). However, the facts do show that the police had probable cause to search the vehicle and that the search without a warrant was reasonable and justified. Defendant had been arrested for an alleged burglary within minutes and a few miles from the burglarized premises. The facts surrounding defendant's arrest also provided the police with probable cause to believe that the vehicle might contain contraband. Therefore, the search was justified whether made before or after the arrest. *Chambers v Maroney,* 399 US 42; 90 S Ct 1975; 26 L Ed 2d 419 (1970), *People v Earle,* 51 Mich App 232; 214 NW2d 892 (1974).

Defendant next argues that he was denied the effective assistance of counsel due to the fact that he and his codefendant were represented by the same attorney at trial. Defendant claims that since counsel, during closing argument, pointed

---

[2] Nor did the court err in refusing to direct a verdict for the defendant on this ground. *People v Edwards,* 55 Mich App 256, 259; 222 NW2d 203 (1974).

out the strength of the state's case against defendant to show the weakness of its case against codefendant Collins, he sacrificed defendant's interest in order to represent the codefendant. However, a close reading of counsel's argument in context discloses that counsel was arguing that the evidence presented was insufficient to warrant a guilty verdict against defendant and was even less convincing with respect to codefendant Collins. We fail to see how an argument of this nature prejudiced the defendant. Counsel did not sacrifice defendant's interests but rather pointed out that neither he nor codefendant Collins should be convicted. The mere fact that counsel pointed out that the state's case against codefendant Collins was weaker than that against the defendant does not support the claim that defendant was prejudiced by the joint representation. Shared counsel is not prejudicial per se. *People v Perna,* 23 Mich App 507; 179 NW2d 43 (1970). The record does not support the claim that defendant was prejudiced by the joint representation. *People v Marshall,* 53 Mich App 181, 189–190; 218 NW2d 847 (1974).

Defendant's claim that he was deprived of effective counsel due to the fact that his attorney allegedly implied during closing argument that defendant had been convicted of prior crimes is likewise without merit. It is true that evidence of an accused's prior convictions is generally inadmissible when he chooses not to testify at trial. *People v Buffa,* 51 Mich App 680, 683; 216 NW2d 494 (1974). However, under the facts of this case, the beneficial effect of this rule does not apply to defendant. A review of the transcript of the closing argument reveals that defense counsel neither expressly nor implicitly brought defendant's prior convictions to the jury's attention.

Defendant next argues that the trial court's instruction to the jury that the charged offense of receiving and concealing stolen property constitutes a felony while the lesser included offense is a misdemeanor was reversibly erroneous. MCLA 750.535; MSA 28.803 provides that:

"Any person who shall buy, receive or aid in the concealment of any stolen, embezzled or converted money, goods, or property knowing the same to have been stolen, embezzled or converted, *if the property purchased received or concealed exceeded the value of $100.00 shall be guilty of a felony,* punishable by imprisonment in the state prison not more than 5 years or by a fine of not more than $2,500.00. *If the property purchased, received or concealed shall be of the value of $100.00 or less, such person shall be guilty of a misdemeanor.* On a third or subsequent conviction under this section such person shall be guilty of a felony, punishable as herein provided, although the value of the property purchased, received or concealed did not exceed $100.00." (Emphasis added.) [3]

In *People v Nichols,* 391 Mich 813 (1974), our Supreme Court said:

"This Court *sua sponte* enters a final decision reversing the Court of Appeals and reinstating the judgment of the trial court, since *it is not unreasonable for the trial judge to inform the jury of the classification of an offense, whether 'felony' or 'misdemeanor' where, as here, such language is contained in the relevant statutes themselves."* (Emphasis added.)

In light of *Nichols,* we find that the trial court's instructions were not erroneous.

Finally, we have carefully considered defendant's remaining allegations of error. These claims were either not preserved on appeal or do not require decisional discussion.

Affirmed.

---

[3] This statute has been amended by 1972 PA 242 and 1974 PA 55.