## PEOPLE v JOHNSON

Docket No. 68611. Submitted January 9, 1984, at Lansing.—Decided March 21, 1984.

Thomas E. Johnson was convicted of larceny over $100 and of being a fifth-time felony offender and was sentenced to concurrent sentences on the convictions, Ingham Circuit Court, Robert Holmes Bell, J. Defendant appeals, alleging that the trial court erred in excluding evidence of the wholesale value of the stolen item, a radio, or of its value as used merchandise, that the court erred in denying defendant's motion to exclude evidence of his four prior felony convictions, and that he was improperly sentenced to concurrent prison terms. *Held:*

1. The value of the radio was an essential element of the offense. The retail price of the radio, which defendant carried from a retail store, was $119. Defendant sought to introduce evidence relating to the wholesale value of the radio. However, defendant failed to offer any proof of the relevancy of that evidence to a determination of the true value of the radio, or to place on the record the actual wholesale value. The trial court's exclusion of the evidence was not an abuse of discretion.

2. Evidence of the value of the radio as used merchandise was not relevant as there is no indication that it was ever intended to be sold as anything other than new merchandise.

3. Each of defendant's prior convictions was such that evidence of it was admissible for impeachment purposes. Further, defendant did not request the trial court not to consider one of the convictions, consideration of which he now asserts to have been error. Lacking such a request and lacking some indication from the defendant of the nature of his proposed testimony should he take the stand, the trial court did not abuse its discretion in ruling as it did.

4. Where a defendant is sentenced as an habitual offender

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 50 Am Jur 2d, Larceny §§ 45, 148.
[3, 4] 29 Am Jur 2d, Evidence §§ 320, 321, 327.
    50 Am Jur 2d, Larceny § 153.
[5] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 2.

the sentence for the underlying felony is to be vacated. Thus, defendant's sentence for larceny over $100 is vacated.

Affirmed, and sentence modified.

1. LARCENY — VALUE OF STOLEN GOODS — ELEMENTS OF OFFENSE.

The value of a stolen item, when used to differentiate between a felony and a misdemeanor offense, is an essential element of the charged crime; value is the price that the item will bring on an open market between a willing seller and a willing buyer, at the time and the place of the offense.

2. LARCENY — VALUE OF STOLEN GOODS — EVIDENCE.

A trial court in a trial for larceny over $100 properly excluded evidence regarding the wholesale value of a stolen item where the defendant made no offer of proof as to the relevancy of that evidence to a determination of the fair market value of the item and, further, failed to place the actual wholesale value on the record.

3. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

Admission, for impeachment purposes in a trial for larceny, of evidence of a defendant's four prior convictions was not improper where, although defendant argues that evidence of one of those convictions was not admissible, all four of them involved theft offenses, thus were probative of defendant's credibility, and defendant at trial did not request the trial court to exclude evidence of only the one conviction at issue.

4. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

Denial of a defendant's motion to exclude evidence of his prior convictions on the basis that admission of such evidence would cause him not to take the stand for fear of impeachment is not an abuse of discretion where the defendant fails to inform the court of the nature of his intended testimony.

5. CRIMINAL LAW — SENTENCING — HABITUAL OFFENDERS.

The sentence imposed for an underlying felony shall be vacated where the defendant is thereafter sentenced as an habitual offender (MCL 769.13; MSA 28.1085).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Robert B. Ebersole,* Chief Appel-

late Attorney, and *Charles R. Toy,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender* (by *Rolf E. Berg),* for defendant.

Before: ALLEN, P.J., and HOOD and W. S. WHITE,* JJ.

PER CURIAM. On September 7, 1982, defendant was convicted by a jury of larceny over $100, MCL 750.356; MSA 28.588. Immediately following, the same jury found defendant guilty as an habitual (fifth) offender, MCL 769.12; MSA 28.1084. On October 6, 1982, defendant was sentenced to concurrent terms of 3 to 5 and 5 to 20 years incarceration. He presently appeals as of right.

Testimony at trial revealed that defendant was observed by store security personnel in Meijer's jewelry department. Defendant picked up a display model radio and then placed it back on the shelf. He glanced from left to right several times and looked at other models of radios before returning to the first radio. He picked up the radio and carried it under his arm covered by a jacket. Followed by the two security officers, defendant moved toward an exit from the store. He passed through the enclosed portion of the store and entered the outside garden center of the store. As defendant was beginning to pass through the exit gate with the radio, he was stopped by a security officer.

A clerk from the jewelry department testified that on the date of the incident the price of the radio was $119. On cross-examination, she stated that Meijer's sometimes discounted the price of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

display items but, if the item was in good condition or if there was another model in a boxed condition, the display would not be marked down. Defense counsel questioned the witness about the wholesale price of the radio but received no response as the prosecutor's objection on relevancy grounds was sustained. Additionally, the trial court excluded testimony concerning the value of the radio as used merchandise.

Defendant's first claim of error concerns the trial court's rulings which excluded evidence of the wholesale value of the radio and its value as used merchandise. The value of the item stolen, when used to differentiate between a felony and a misdemeanor offense, is an essential element of the charged crime. *People v Fuzi,* 46 Mich App 204; 208 NW2d 47 (1973); *People v Westman,* 53 Mich App 662; 220 NW2d 169 (1974). Thus, in defendant's prosecution for larceny over $100, proof that the value of the radio was more than $100 was an essential element of the charged offense.

While the larceny statute itself does not provide a guide for determining the value of property which is the subject of a theft, case law supports the use of fair market value as the relevant standard when such a value exists. *People v Hanenberg,* 274 Mich 698; 265 NW 506 (1936); *People v Gilbert,* 163 Mich 511; 128 NW 756 (1910). Generally, proof of value is determined by reference to the time and place of the offense. *People v Cole,* 54 Mich 238; 19 NW 968 (1884); *Gilbert, supra.* Value has been interpreted to mean the price that the item will bring on an open market between a willing buyer and seller. *People v Otler,* 51 Mich App 256; 214 NW2d 727 (1974); *People v Tillman,* 59 Mich App 768; 229 NW2d 922 (1975).

Citing cases from other jurisdictions, defendant

argues that the wholesale price of the radio should have been admitted as relevant evidence of value. See, *e.g., State v Boyken,* 217 NW2d 218 (Iowa, 1974); *State v Sorrell,* 95 Ariz 220; 388 P2d 429 (1964); *State v Carroll,* 186 Neb 148; 181 NW2d 436 (1970). While no Michigan case has expressly approved of the use of wholesale value as a relevant consideration in determining fair market value, the facts of the present case do not require judicial acceptance or rejection of such evidence.

The prosecutor introduced evidence that the retail price of the item was $119. That evidence was probative of the market value of the radio at the time and place of the theft as it was indicative of the price that would prevail in the open market between a willing buyer and seller. Although defendant attempted to elicit testimony from the sales clerk concerning the wholesale value of the item, defendant made no offer of proof as to the relevancy of that evidence to fair market value.

The sales clerk testified that the retail price of the radio was $119. She also indicated that under certain circumstances the price of a display item might be reduced; however, neither of the conditions which were offered as justifications for a price reduction were shown to exist in this case. Thus, defendant's argument that the wholesale price would have been relevant as an aid to the jury in determining the discounted value of the radio is without substance. We also note that there is no indication from the record that the witness was either competent or knowledgeable in the area of wholesale value.

Defendant failed to make an offer of proof concerning the relevancy of the wholesale value and also failed to place on the record the actual wholesale value of the radio itself. Without an adequate

record illustrating the relevancy of the excluded testimony, meaningful appellate review is severely limited. Our review of the record discloses that the jury was properly instructed, pursuant to CJI 22:1:01, on the fair market value test. Given defendant's failure to show the relevance of the proffered testimony at trial or on appeal, we find no error in the ruling of the trial court.

We also reject defendant's claim that the trial court erred in excluding testimony concerning the value of the radio as used merchandise. The item was identified at trial as a display model; there is nothing to indicate that the radio would have been sold as other than new merchandise. Thus, evidence of the value of the item as a used item was not relevant to the issues at trial and was properly excluded.

Next, defendant argues that the trial court abused its discretion by denying his motion *in limine* to exclude evidence of his four prior convictions. There is no serious dispute that the trial judge recognized his discretion to admit or exclude the prior convictions or that he fully complied with MRE 609 by stating on the record the factors considered in his determination of admissibility. See *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974); *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978). Instead, defendant asserts that the trial judge could have reduced the prejudice resulting from impeachment by evidence of all four prior convictions by excluding the conviction for attempted unarmed robbery, a crime which is too similar to the crime charged, according to defendant, to be admitted for impeachment purposes.

In the present case, each of defendant's prior convictions involved a theft component (three con-

victions for breaking and entering an occupied dwelling with intent to commit larceny and one conviction for attempted unarmed robbery) and, thus, would be probative of defendant's credibility. MRE 609(a)(1). We recognize that impeachment by evidence of fewer than four prior convictions would have been a viable alternative in this situation. However, defense counsel did not request that the trial court exercise its discretion in this manner and we decline to reverse such a discretionary ruling because the trial court failed to exercise its discretion in a fashion not requested by trial counsel. *People v Rush,* 118 Mich App 236; 324 NW2d 586 (1982).

Similarly, we reject defendant's claim that he should have been allowed to "tell his story" without the potential for undue prejudice which would be generated through impeachment by evidence of his prior convictions. The trial court recognized the need to consider the effect on the decisional process should defendant elect not to take the stand for fear of impeachment, but defendant failed to inform the court of the nature of his testimony. This situation illustrates the difficulty which faces a trial court in balancing the competing factors for admissibility of evidence of prior convictions when faced with insufficient or inadequate information concerning the substance of the defendant's testimony or the availability of alternative methods of presenting the defense. Without some indication of the nature of his testimony, we find that the trial court did not abuse its discretion by denying defendant's motion *in limine.* See *People v Casey,* 120 Mich App 690; 327 NW2d 337 (1982); *People v Wilson,* 107 Mich App 470; 309 NW2d 584 (1981).

Defendant claims, and the prosecutor agrees,

that he was improperly sentenced to concurrent terms of imprisonment for the underlying felony and the habitual offender conviction. MCL 769.13; MSA 28.1085 provides that when a defendant is sentenced as an habitual offender the sentence for the underlying felony shall be vacated. Thus, we vacate the defendant's three- to five-year sentence and affirm the sentence imposed for the habitual offender conviction.

Affirmed, and sentence modified.