# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEFFREY ROY SWITZER,

        Defendant-Appellant.

UNPUBLISHED
December 14, 2017

No. 335259
Oscoda Circuit Court
LC No. 16-001432-FH

Before: MARKEY, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of receiving or concealing stolen property valued at $1,000 or more, but less than $20,000, MCL 750.535(3)(a). Because the evidence was sufficient to support defendant's conviction, we affirm.

Defendant's conviction involves his concealment of stolen fishing equipment, including an ice auger, fishing rods and reels, as well as a tackle box containing a variety of baits, hooks, spinners and bobbers, split shots, and spoons. The owner of the fishing equipment valued the stolen property between $1,125 and $1,310. The jury convicted defendant as noted above.

On appeal, defendant challenges the sufficiency of the evidence supporting his conviction. Specifically, defendant contends that the prosecutor failed to establish the value of the fishing equipment beyond a reasonable doubt. According to defendant, the owner's testimony was insufficient to establish the value of the stolen equipment because the owner based his estimates on replacement costs as opposed to the fair market value of the items at the time of the offense.

This Court reviews a challenge to the sufficiency of the evidence de novo. *People v Raisbeck*, 312 Mich App 759, 762; 882 NW2d 161 (2015). "We examine the evidence in a light most favorable to the prosecution, resolving all evidentiary conflicts in its favor, and determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond reasonable doubt." *People v Ericksen*, 288 Mich App 192, 196; 793 NW2d 120 (2010). In applying this standard, we are required "to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

To convict a defendant of receiving or concealing stolen property, the prosecution must prove the following elements:

> (1) the property was stolen; (2) the value of the property met the statutory requirement; (3) defendant received, possessed, or concealed the property with knowledge that the property was stolen; (4) the identity of the property as being that previously stolen; and (5) the guilty actual or constructive knowledge of the defendant that the property received or concealed was stolen. [*People v Pratt*, 254 Mich App 425, 427; 656 NW2d 866 (2002).]

Defendant only challenges the value element, which as charged in this case required the prosecution to prove that the stolen property had a value of $1,000 or more, but less than $20,000. See MCL 750.535(3)(a). The relevant standard for determining the value of property is fair market value. *People v Dyer*, 157 Mich App 606, 609; 403 NW2d 84 (1986). Fair market value is determined by reference to the time and place of the offense, and refers to "the price that the item will bring on an open market between a willing buyer and seller." *Id.* (citation omitted); M Crim JI 22.1. An owner may testify regarding the value of property provided that the owner's testimony is not based on "personal or sentimental value" subjective to the owner. *Pratt*, 254 Mich App at 429. It is then the jury's role to consider all of the evidence and use its judgment to determine the fair market value. *People v Toodle*, 155 Mich App 539, 553; 400 NW2d 670 (1986).

In this case, the only evidence of the stolen fishing equipment's value was the testimony given by the owner of the equipment, and thus the sufficiency of the valuation evidence hinges on his testimony. The owner testified at length regarding the ages, condition, and quality of the stolen items, and he offered his opinion of the values of the items. The owner testified that he was an experienced fisherman, and there is no evidence that his opinion of the equipment's value was based on personal feelings or sentiment. His testimony established a total valuation range of $1,125 to $1,310 for the stolen equipment. Although the owner admitted on cross-examination that his valuation testimony was based on the cost of replacing equipment and that some of the stolen items, including a 30-year-old ice auger, were older, the owner clarified on redirect that he valued the items based on their worth if they were to be sold or bought in the market at the time they were in defendant's possession. Moreover, while some of his equipment was older, the owner testified that most of the fishing rods were "fairly new," some were "high quality," and some of the equipment had increased in value since it was purchased. Viewed in a light most favorable to the prosecution, based on the owner's testimony, the jury could have reasonably determined that the fishing equipment had a fair market value exceeding $1,000. Accordingly, the evidence was sufficient to support defendant's conviction under MCL 750.535(3)(a).

Affirmed.

/s/ Jane E. Markey
/s/ Joel P. Hoekstra
/s/ Amy Ronayne Krause

-2-