## ANGELINE GERMAN v. NAPOLEON GERMAN.

*Divorce—Cruelty—Appeal—Costs.*

1. Mere irascibility and harshness are no ground for divorce, especially when purposely provoked by tantalizing conduct.

2. On appeal from a decree of divorce, the record of a collateral proceeding, in which conveyances by defendant were set aside, was sent up

with the divorce record, but no appeal was taken from the collateral decree. *Held*, that nothing could be done with it.

3. Costs were withheld from both parties on reversing a decree for divorce against a husband, where the latter had already been put to great expense.

Appeal from Wayne. (Speed, J.) June 3—June 10.

Divorce bill. Defendant appeals. Reversed.

*Walter Barlow* and *Geo. Gartner* for complainant.

*Samuel W. Burroughs* for defendant.

CAMPBELL, J. Complainant obtained a decree of divorce from her husband, the defendant, in the Wayne circuit court, for cruelty. He appeals.

The parties were married in 1881, complainant being a widow of a year or two under fifty, and defendant, a widower, about ten years older. Both had grown-up children. They had been neighbors and acquainted during most of their lives.

On the 29th of August complainant left her husband, and on the next day a somewhat voluminous bill was filed which could hardly have been drawn during the interval, in which she sets up as grounds of divorce several instances of opprobrious language and conduct, some neglect, and some acts of violence.

This bill defendant answered on the 22d day of September, 1883, with averments which met the bill, and denied or explained the charges, and set up various other reasons against the allowance of a divorce.

On the 8th of October, 1883, complainant filed another independent bill to set aside certain conveyances of land made by defendant to his children before he married complainant, and as she claimed in fraud of his intended marriage. The circuit court in that case held the deeds void as against her interests, and decreed her a homestead interest in the farm which the parties last occupied, which was not the defendant's homestead when they married, nor for a long time thereafter. From this decree, by an apparent mistake,

no appeal was taken. The record, including the testimony, was for some purpose introduced by complainant as part of the testimony in this case. It has no bearing on her allegations in the divorce suit, and it does not come within the appeal now before us so that we can review it. It may have some pertinence as not consistent with some purposes of the divorce suit.

Upon a careful examination of the record, aided by full discussion, we are not able to agree with the court below that any divorce should have been granted. Leaving out complainant's testimony, there is nothing proven which could possibly establish any case against defendant. Every essential fact which she states as a witness is either denied by defendant or sufficiently explained to do away with its seriously bad features. The testimony of the other witnesses decidedly preponderates in his favor.

It would not be of any use to rehearse and place upon record in our reports the family dissensions which we have been called on to consider. There is testimony of some harsh language and some other exhibitions of temper on the part of defendant. But the record does not exhibit him as either brutal or extremely harsh in his disposition. He seems to have been somewhat irascible, and the record gives much reason to believe that the instances of temper detailed by complainant were frequently, if not generally, provoked by complainant's tantalizing and exasperating acts and insinuations, which were well calculated to annoy and vex him. Her own testimony shows this very clearly, and shows also that the annoyance was not given in ignorance of its probable effect. So far as any one else could see, the defendant's conduct did not prevent the pair from living in a reasonably comfortable way for the most part. The acts of violence charged, are, in our opinion, effectually disproved, and a comparison of evidence makes it plain that the largest share of grievances have become magnified by nursing, and probably appear to complainant's imagination much larger than they did at the time. There has been probably on both sides less forbearance and unselfishness than ought to be found

between husband and wife. But we can see nothing in such facts as we regard as established to indicate any good reason why complainant with reasonable prudence and temper could not have secured a fair amount of peace and comfort. No complaint is made of any lack of the ordinary needs of a decent and respectable home. Defendant's children treated complainant with proper courtesy. A decree dissolving this marriage must, if granted, be made to rest on grounds which would render this most important relation subject to dissolution for causes that might destroy a large share of the households in any region. Those who form such ties cannot shake them off because their partners are not exempt from infirmities of temper, or do not bear with meekness and good nature the annoyances which vex them. And those who complain of others are bound to show consideration and reasonable conduct themselves. There is not usually much trouble in keeping peace if both parties do their share towards maintaining it.

We think this decree should be reversed, and the bill dismissed. So far as the decree in the other case is concerned, it is difficult to see what use can be made of it, but, as it is not appealed from, we cannot deal with it.

Defendant has been put to so much expense in this double litigation, that we are not disposed to put him to further charges. Our decree will be without costs to either party.

The other Justices concurred.