## HAMBLEY v. HAMBLEY.

DIVORCE—PARTIES EQUALLY AT FAULT NOT ENTITLED TO DIVORCE. On plaintiff's appeal from a decree dismissing her bill for divorce on the ground of extreme cruelty, evidence examined and *held,* to warrant the decree rendered, on the ground that the parties are equally at fault.[1]

Appeal from Wayne; Mandell (Henry A.), J.     Submitted January 15, 1925.     (Docket No. 94.)     Decided April 3, 1925.

Bill by Helen Hambley against Richard Hambley for a divorce.     Defendant filed a cross-bill for a divorce.

[1]Divorce, 19 C. J. § 219.

From a decree dismissing bill and cross-bill, plaintiff appeals.    Affirmed.

*Ralph W. Liddy* (*Paul J. Wieselberg,* of counsel), for plaintiff.

*James H. Pound,* for defendant.

CLARK, J.    From a decree dismissing the bill for divorce and the cross-bill, plaintiff has appealed. She is 29 years old, defendant 41.    They separated in November, 1922.    No children were born of this marriage, which occurred in November, 1920.    Defendant is divorced from a former wife and has children, the issue of such marriage.    The parties hereto lived in adultery for several years before the marriage.    Defendant is industrious, frugal, and of somewhat fiery temper.    There is testimony that plaintiff was discontented, domineering, quarrelsome, and of ungovernable temper.    The chief cause of discord was plaintiff's being absent from home, and her frequenting, in company with a woman whom defendant disapproved, dances, bathing beaches, and swimming pools.    Defendant was jealous.    He seems to have had strong affection for plaintiff, which she appears to have returned in considerable degree. Supporting the charge of extreme cruelty, she testified that defendant in anger cursed, called her vile and profane names, imputed to her a want of chastity, and used some personal violence toward her.    Defendant, admitting that he had used profanity in her presence, denied that it had been applied to her, and denied in the main her charges.    His testimony is corroborated somewhat by that of other witnesses. Defendant, supporting the charge of his cross-bill, had testimony of plaintiff's rages, of her breaking dishes, of her calling him vile and profane names, and of her using personal violence toward him.    The evidence

of both parties runs over the period of their acquaintance, and it is difficult, if not impossible, to sort out that which relates to the period following the marriage.

As defendant has not appealed from the dismissal of his cross-bill, the question is whether plaintiff is entitled to divorce on her bill.    Her counsel argues at length that an unfounded imputation of a lack of chastity warrants divorce.    Defendant's explanation or justification of such imputation was not specifically denied.    This question, as presented, is not decisive and will not be discussed further.

This case might be disposed of on the theory that the misconduct proved against defendant, when modified by a consideration of his provocation (*German* v. *German*, 57 Mich. 256), and of the character and station of the parties (*Hall* v. *Hall*, 172 Mich. 210), does not amount to extreme cruelty, but we deem it best to hold, and do hold, on this record, that the parties are equally at fault, and hence that the bill should be dismissed.    *Stiehr* v. *Stiehr*, 145 Mich. 297.

Decree affirmed, without costs.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.