## KUHFAL *v.* KUHFAL.

DIVORCE—CLEAN HANDS—PUBLIC POLICY.

Where record in husband's suit for divorce in which wife filed a cross bill for the same relief indicates that both parties are to blame and do not come into court with clean hands, divorce will not be granted on the grounds of public policy.

Appeal from Ingham; Hayden (Charles H.), J. Submitted April 17, 1947. (Docket No. 82, Calendar No. 43,662. Decided May 16, 1947.

Bill by Walter Kuhfal against Thelma Kuhfal for divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated

cruelty. Decree for defendant. Plaintiff appeals. Reversed and bill and cross bill dismissed.

*Pierce, Planck & Ramsey,* for plaintiff.

*Claude J. Marshall,* for defendant.

BUTZEL, J. Plaintiff, who had two daughters by a previous marriage, one 2 and the other 9 years of age, engaged defendant as housekeeper in August, 1937. After a few days she left because of difficulty with the older child. Plaintiff persuaded her to return and she remained in his service over a year, working most of the time without compensation as he was unemployed. He married her on November 26, 1938. At that time he owned an old car and household furniture of comparatively little value, and he owed a fair sized debt. Both parties worked very hard and were frugal. Notwithstanding plaintiff's criticism, defendant appears to have been a good housekeeper. The parties occupied a large house and augmented their income by taking in roomers. Plaintiff worked in an automobile factory and also started an insurance business in which defendant helped during plaintiff's absence. At the time of the marriage, defendant owned a house and lot, which she subsequently sold for $4,000. The parties had purchased in their joint names a house and lot for $8,500. Plaintiff also was buying on contract for himself and daughters another house and lot. On April 22, 1944, the present divorce suit was begun, a previous one having been discontinued after a reconciliation was effected. In view of our disposition of the case, it becomes unnecessary to discuss the division of the property decreed by the trial court.

The parties, particularly in more recent years, quarrelled constantly. Plaintiff was parsimonious and cruel towards defendant. At times he locked her out of the house and refused to let her eat at home. On one such occasion she responded by throwing a brick at the window. Some of the difficulty arose because of the problem of supervising the activities of the older daughter who was growing into womanhood. Defendant professes a high regard for the girl and claims that if she had plaintiff's cooperation she could get along with her. Defendant is genuinely devoted to the younger daughter and claims that her affection for the child is paramount to all other considerations in the case. Plaintiff claims that defendant was untidy and neglected the home and the children whom she sometimes referred to as "brats." He also makes a serious but unjust reflection on her morals. She did write some nonsense in her diary which might be ascribed to wishful thinking or escape from a drab life and an unfriendly husband. While some of her actions may have been foolish and indiscreet, she was guilty of no serious misconduct. The trial judge apparently so held. The record sustains him.

One transaction, however, which the trial judge discussed, cannot be overlooked. Defendant wife had reason to conclude that the older child had been violated and on confronting her, the girl stated that "C" was the guilty party. Defendant thereupon gave "C" the choice of paying her $5,000 or of having a criminal complaint made against him. "C" paid the $5,000 which was used toward the payment of the $8,500 for property purchased in the joint names of both parties. Defendant represented to plaintiff at the time that she had inherited

the money. Subsequently the older child completely exculpated ''C'' and placed the blame on one ''B''. Some time later the child exculpated ''B''. When, however, she charged ''B'' with the crime, defendant consulted the prosecuting attorney who advised her that she had committed a felony in extorting the $5,000 from ''C''. She thereupon told plaintiff of what she had done. He refused to mortgage the joint property to return the $5,000 to ''C''. Defendant paid ''C'' $3,000 from the amount she had left from the $4,000 received by her from the sale of her own property. The balance of $2,000 as far as the record shows has not been repaid to ''C'', and the parties seem to ignore this debt in their claim to the division of their property. Defendant's conduct toward plaintiff, though often provoked by him, was far from exemplary and plaintiff also had cause to complain. It would serve no useful purpose to set out further facts. Each of the parties was guilty of misconduct towards the other.

Plaintiff filed a bill of divorce. Defendant answered and filed a cross bill. The trial judge in granting the defendant a divorce on her cross bill stated in his opinion that:

''If the court were to follow his own feelings in the matter in so far as the relief asked for by either party a decree would probably be denied. On the other hand, while there is no recognition of relief on the ground of public policy, nevertheless I am forced to the opinion that such is the proper thing to do.''

We do not believe that such was the proper thing to do. The parties are each to blame. Possibly when they realize that they are not entitled to a divorce, they will effect a reconciliation, exercise

mutual forbearance, and readjust their lives and conduct along happier lines. In any event, where parties are both to blame and do not come into court with clean hands, a divorce will not be granted. *Hambley* v. *Hambley,* 230 Mich. 534; *Cook* v. *Cook,* 245 Mich. 339; *Terrell* v. *Terrell,* 317 Mich. 49.

The decree will be set aside and one entered in this Court dismissing the bill and the cross bill. No costs to either party.

CARR, C. J., and BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.