PEOPLE v WALKER

Docket No. 76085. Submitted March 19, 1985, at Detroit.—Decided
    June 4, 1985.

Sam Walker, Jr., was convicted of unlawfully driving away an
    automobile, Recorder's Court of Detroit, Donald L. Hobson, J.
    At the time of the commission of the offense, defendant was on
    parole. The court sentenced defendant to a prison term to run
    consecutively to a sentence imposed as a result of his parole
    violation. Defendant appealed. *Held:*

    Defendant was not incarcerated within the meaning of the
    consecutive sentencing statute and was, therefore, entitled to a
    concurrent sentence.

    Remanded for resentencing.

CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES — PAROLE.

A person who commits a crime while on parole is entitled to be
    sentenced upon conviction to a term to run concurrently with
    any sentence imposed as a result of his parole violation (MCL
    768.7a; MSA 28.1030[1]).

*Elliott D. Margolis,* for defendant.

Before: WAHLS, P.J., and BRONSON and T. C.
MEGARGLE,* JJ.

PER CURIAM. On September 30, 1983, defendant
was convicted as charged with unlawfully driving
away an automobile. MCL 750.413; MSA 28.645.
On October 12, 1983, he was sentenced to a term
of one to five years in prison, to run consecutively
to a sentence defendant was then serving. Defen-

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 551 *et seq.*
Length of sentence as violation of constitutional prohibition prohib-
    iting cruel and unusual punishment. 33 ALR3d 335.

* Circuit judge, sitting on the Court of Appeals by assignment.

dant appeals as of right and contends that he was entitled to concurrent sentencing. We agree.

At sentencing in the instant case, defense counsel noted for the record that defendant was then serving time for a parole violation. Subsequently, the court, in reviewing defendant's prior record, observed that defendant had "violated his parole and [was] back again". The court referred to defendant as being "out on parole and in inmate status". The statements made at sentencing persuade us to accept defendant's assertion that he was on parole at the time he committed the UDAA offense. The question is whether he, as a parolee, was "incarcerated" at that time within the meaning of the consecutive sentencing statute, MCL 768.7a; MSA 28.1030(1).

The statute provides in part:

"(1) A person who is incarcerated in a penal or reformatory institution in this state, or who escapes from that institution, and who commits a crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction thereof, be subject to sentence therefor in the manner provided by law for such crimes. The term of sentence imposed for the crime shall commence at the expiration of the term or terms of sentence which the person is serving or has become liable to serve in a penal or reformatory institution in this state."

This Court has consistently read this statutory provision as *in pari materia* with MCL 750.193(2); MSA 28.390(2), which defines "prison" liberally. See *People v Lakin,* 118 Mich App 471, 474; 325 NW2d 460 (1982); *People v Shirley Johnson,* 96 Mich App 84, 86; 292 NW2d 489 (1980), and *People v Mayes,* 95 Mich App 188; 290 NW2d 119 (1980). Thus, one who commits a crime even while on

authorized leave from a half-way house does so while "incarcerated" and is subject to consecutive sentencing. *Mayes, supra.*

The statute does have its limits, though, as recognized by this Court in *Lakin, supra.* In that case, defendant was on "extended furlough" when he committed a felony. This Court concluded:

"Since defendant was not on 'parole' status, but 'pre-parole' status at the time he committed the offense, he was subject to the consecutive sentencing statute." 118 Mich App 474.

The clear implication of the Court's statement is that a parolee is not subject to the consecutive sentencing statute. While dicta on the facts of *Lakin,* we accept it as the correct interpretation of the statute.

We find support for our interpretation in *People v Sanders,* 130 Mich App 246; 343 NW2d 513 (1983). That case involved the question of whether defendant was an inmate for purposes of the 180-day rule, MCL 780.131; MSA 28.969(1). This Court relied on the holdings in the consecutive-sentencing cases in determining "inmate" status under the 180-day rule and concluded:

"In the instant case, * * * defendant was on parole at the time he committed the offenses for which he was subsequently convicted. Although every parolee remains in the legal custody and under the jurisdiction of the Department of Corrections, that parolee is free from the enclosures of a prison facility. MCL 791.238; MSA 28.2308.

"We find that in the parole context the 180-day rule applies only where a person is assigned to a state correctional facility on preparole status." 130 Mich App 251.

We hold that, because defendant was on parole

at the time of committing the instant offense, he was not "incarcerated" and not subject to consecutive sentencing pursuant to MCL 768.7a; MSA 28.1030(1). His consecutive sentence being erroneous, we are remanding for resentencing. *People v Doss,* 122 Mich App 571; 332 NW2d 541 (1983), *lv den* 417 Mich 1100.16 (1983).

Remanded for resentencing.