PEOPLE v GREN

Docket No. 86664. Submitted February 20, 1986, at Detroit. Decided
May 20, 1986.

Defendant, Steven E. Gren, pled guilty in the Oakland Circuit
Court to delivery of a controlled substance and to being an
habitual offender, third offense. The trial court, Alice L. Gil-
bert, J., sentenced defendant as an habitual offender to from
two to fourteen years in prison. Defendant appeals from his
convictions and sentence. *Held:*

1. The defendant was adequately informed by the trial court
of the constitutional rights and incidents of a trial so as reason-
ably to warrant the conclusion that he understood what a trial
is and that by pleading guilty he was knowingly and volunta-
rily giving up his right to a trial and such rights and incidents
as relate thereto.

2. The sentencing guidelines are not applicable to habitual
offenders.

3. It had already been established at the time of sentencing
that the defendant was an habitual offender. Thus, the trial
judge should have exercised her sentencing discretion in light
of all the relevant facts and circumstances, including the
knowledge of defendant's prior convictions and the sentencing
options available to her. The trial judge did exercise such
discretion in this case. While the trial judge did not technically
follow the appropriate procedure, she realized and stated when
giving her reasons for the sentence imposed that the sentencing
would be done relative to the delivery conviction and to the
habitual offender conviction. There is no prejudice to the defen-
dant in this case. The trial judge realized that the ultimate
sentence would be established pursuant to defendant's habitual
offender status and exercised her discretion with that in mind.

4. The reasons given for the sentence imposed were adequate

REFERENCES

Am Jur 2d, Criminal Law §§ 469-480, 525-631.

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 7, 9,
19, 29, 30.

Validity and construction of statute or ordinance mandating impris-
onment for habitual or repeated traffic offender. 2 ALR4th 618.

to enable the Court of Appeals to review the trial court's exercise of discretion in sentencing. The trial court did not abuse its discretion to the extent that it shocks the conscience of the Court of Appeals.

Affirmed.

1. APPEAL — CRIMINAL LAW — GUILTY PLEAS — WAIVER OF TRIAL — COURT RULES.

A trial court's questioning of a defendant regarding his desire to plead guilty may be determined to be adequate to comply with the requirements of the court rule regarding the acceptance of a plea of guilty where it appears on the record that the defendant was informed of the constitutional rights and incidents of a trial as reasonably to warrant the conclusion that he understood what a trial is and that by pleading guilty he was knowingly and voluntarily giving up his right to a trial and such rights and incidents as are attendant thereto (MCL 6.101[F][1][c]).

2. CRIMINAL LAW — HABITUAL OFFENDERS — SENTENCING GUIDELINES.

The sentencing guidelines are not applicable to habitual offenders.

3. CRIMINAL LAW — HABITUAL OFFENDERS — SENTENCING.

The habitual offender statutes provide for the enhancement of the punishment which is available and which may be imposed on a defendant if the defendant's conviction is not for his first felony or attempted felony conviction; while the prosecution bears the burden of proving at a jury trial that the defendant is an habitual offender, habitual offender status is not a crime in itself and a defendant who is an habitual offender is still sentenced for the underlying offense (MCL 769.10, 769.11, 769.12, 769.13; MSA 28.1082, 28.1083, 28.1084, 28.1085).

4. CRIMINAL LAW — HABITUAL OFFENDERS — SENTENCING.

The habitual offender statutes provide new limitations on the length of the sentence which may be imposed upon conviction of the underlying offense; the sentencing court may consider the prior convictions along with all other background material when it considers the relevant criteria and determines an appropriate sentence for the defendant; that sentence is required to fall within the range established by the habitual offender statutes (MCL 769.10, 769.11, 769.12, 769.13; MSA 28.1082, 28.1083, 28.1084, 28.1085).

5. CRIMINAL LAW — HABITUAL OFFENDERS — SENTENCING.

Only one sentencing is to take place and only one sentence is to

be imposed where a defendant's habitual offender status is established before sentencing on the underlying crime; where a defendant's habitual offender status is not established until after he is convicted and sentenced on the underlying offense, once habitual offender status is established, the sentence on the underlying conviction is to be vacated and the trial court must, based on all relevant factors, exercise its sentencing discretion and resentence the defendant; when a higher maximum sentence is available, a higher minimum sentence may also be available (MCL 769.10, 769.11, 769.12, 769.13; MSA 28.1082, 28.1083, 28.1084, 28.1085).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*Faintuck, Shwedel & Wolfram* (by *William G. Wolfram*), for defendant.

Before: J. H. GILLIS, P.J., and T. M. BURNS and W. F. HOOD,* JJ.

PER CURIAM. On March 14, 1985, defendant pled guilty to delivery of a controlled substance, MCL 333.7401(1) and (2)(b); MSA 14.15(7401)(1) and (2)(b), and to being an habitual offender, third offense, MCL 769.11; MSA 28.1083. He was sentenced as an habitual offender to from two to fourteen years in prison. Defendant appeals from his convictions and sentence as of right. We affirm.

On July 25, 1985, defendant filed a motion to withdraw his guilty plea, arguing that the trial court failed to comply with the requirements of MCR 6.101(F)(1). Specifically, defendant argued that the trial court erred by failing to inform him that it was his option to choose a bench or jury

---

* Circuit judge, sitting on the Court of Appeals by assignment.

trial. The trial court denied defendant's motion. Defendant raises the same argument on appeal. He emphasizes the court rule language "if the defendant does not want trial by a jury." He claims that the trial court's failure to recite literally such language resulted in a failure to inform him that he had an option to choose between a bench or a jury trial and that the omission of such language constitutes error. We disagree.

MCR 6.101(F)(1)(c) states in part that the court shall tell the defendant that, if his guilty plea is accepted, the defendant will not have a trial of any kind, so he gives up the rights he would have at a trial, including the rights: (i) to trial by a jury; and (ii) to trial by the court if the defendant does not want a trial by a jury. In this case, the following colloquy took place:

> *The Court:* Do you understand that you do have a constitutional right to have a trial on these charges by a court or by a jury?
> *The Defendant:* Yes.
> *The Court:* Do you understand the difference between the two forms of trial?
> *The Defendant:* Yes, I do.
> *The Court:* And what is your understanding of that difference?
> *The Defendant:* A jury would be twelve people to decide, and the court would be you.
> *The Court:* And the issue to be decided is whether you are innocent or guilty.
> *The Defendant:* Yes.
> *The Court:* Do you understand that throughout the entire trial that you are presumed to be innocent of these charges—
> *The Defendant:* Yes.
> *The Court:*—and the burden rests on the People, through the Assistant Prosecutor, to prove that you are guilty of these charges beyond a reason-

able doubt with competent evidence shown at the trial?

*The Defendant:* Yes.

*The Court:* Do you understand that at a trial, whether it be by court or by jury, you do have certain rights? Namely: You have the right to have your counsel represent you at all times. You have the right to be confronted by all the witnesses that would be called to testify against you. You have the right to cross-examine those witnesses. You have the right to present your own witnesses to testify for you, and this court would compel their attendance in court to testify at no additional expense to you. You do have the right at the trial to give testimony yourself, and you have the right at the trial to remain silent, from which silence no inferences of guilt can be drawn by either the court or the jury.

So I do ask whether or not you do understand you have all of these rights?

*The Defendant:* Yes, I do.

We hold that the court's questioning in this case was adequate. The right to a trial by the court is but one of the ten rights listed in a subsection of the court rule which is designed to impress on the accused the fact that by his plea of guilty he waives his right to a trial. See *Guilty Plea Cases,* 395 Mich 96, 122; 235 NW2d 132 (1975). While the language of the court rule has changed since the Court's decision in *Guilty Plea Cases,* the primary purpose remains the same. On appeal, the issue is whether it appears on the record that the defendant was informed of such constitutional rights and incidents of a trial as reasonably to warrant the conclusion that he understood what a trial is and that by pleading guilty he was knowingly and voluntarily giving up his right to a trial and such rights and incidents. *Guilty Plea Cases, supra,* p 122. The defendant was adequately informed here.

Defendant next argues that the trial court did not state adequate reasons for the sentence imposed.

In *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983), the Supreme Court required that trial courts state on the record which criteria were considered and what reasons support the court's decision regarding the length and nature of the punishment imposed. Included among the proper criteria for determining an appropriate sentence are: (1) the disciplining of the wrongdoer; (2) the protection of society; (3) the potential for reformation of the offender; and (4) the deterring of others from committing like offenses. *Coles, supra.*

Sentencing in the present case took place on March 21, 1985. On that date, defendant pled guilty to a probation violation. After sentencing in regard to the probation violation, the trial court continued sentencing "[r]elative to the charge of Delivery of a Controlled Substance and being an Habitual Offender Third Offense." The court then stated the reasons supporting its decision and the criteria considered in determining the appropriate sentence for defendant. However, instead of immediately stating that it had determined that a sentence of from two to fourteen years was appropriate, the court first imposed a sentence of from 1½ to seven years on the underlying conviction for delivery of a controlled substance. However, the court immediately vacated that sentence and sentenced defendant under the habitual offender statute to from two to fourteen years.

Defendant argues that the trial court's sentencing reasons were generally inadequate. He alleges that the court's reasons were given only in support of the sentence for the underlying conviction, and, thus, that the trial court erred by failing to state any reasons for imposing the final sentence based

on defendant's habitual offender status. Defendant also contends that the minimum sentence should have remained within the recommended range provided by the sentencing guidelines and that only the maximum sentence should have been affected by his habitual offender status.

Defendant's arguments are based in part on several apparent misconceptions regarding sentencing when an habitual offender is involved. We take this opportunity to clear up such misconceptions. First, the sentencing guidelines are not applicable to habitual offenders. Second, if a defendant's habitual offender status is established before sentencing on the underlying crime, then only *one* sentencing is to take place and only *one* sentence is to be imposed.

The habitual offender statutes, MCL 769.10; MSA 28.1082, MCL 769.11; MSA 28.1083, MCL 769.12; MSA 28.1084, and MCL 769.13; MSA 28.1085, provide for the enhancement of the punishment which is available and which may be imposed on a defendant if his conviction is not for his first felony or attempted felony conviction. While the prosecution bears the burden of proving at a jury trial that the defendant is an habitual offender, habitual offender status is not a crime in itself. A defendant who is an habitual offender is still sentenced for the underlying offense. The statutes merely provide new limitations on the length of the sentence which may be imposed upon conviction of the underlying offense. When sentencing a defendant, the sentencing court can consider the prior convictions along with all other background material when it considers the relevant criteria and determines an appropriate sentence for the defendant. That sentence is required to fall within the range established by the habitual offender statutes.

There is one situation where a defendant will be sentenced twice. That situation occurs when a defendant's habitual offender status is not established until after he is convicted and sentenced on the underlying offense. In such a situation, upon conviction for the underlying offense, the defendant is sentenced in the normal manner. Once habitual offender status is established, however, the sentence on the underlying conviction is vacated and the defendant is resentenced. See MCL 769.13; MSA 28.1085. A resentencing must occur because the court has gained new knowledge about the defendant and because the range of sentencing options available to the court has been changed by application of the habitual offender statutes. The court will have knowledge of the defendant's prior convictions and will be able to impose a higher maximum sentence in most cases. When a higher maximum sentence is available, a higher minimum sentence may also be available. See *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). The knowledge of defendant's convictions may or may not lead the court to conclude, for instance, that there is a greater need to discipline that offender than the court had previously thought. This depends on the total circumstances of the case. Based on all relevant factors, the court must exercise its sentencing discretion and resentence the defendant.

In the present case, at the time of sentencing it had already been established that the defendant was an habitual offender. Thus, the sentencing judge should have exercised her discretion in light of all the relevant facts and circumstances, including the knowledge of defendant's prior convictions and the sentencing options available to her. We are convinced that she did. While she did not technically follow the appropriate procedure, the

judge realized and stated when giving her reasons for the sentence imposed that the sentencing would be done relative to the delivery conviction *and* to the habitual offender conviction. We can discern no prejudice to defendant in this case. The trial judge obviously realized that the ultimate sentence would be established pursuant to defendant's habitual offender status. We are convinced that she exercised her discretion with that in mind.

Moreover, while her reasons for the sentence were not as elaborate as we would prefer, they were adequate to enable us to review her exercise of discretion in sentencing. In light of defendant's past criminal history, the sentencing judge noted her concern for deterring others from committing similar acts, her concern for protecting the community from further similar conduct, and her concern for providing adequate punishment. The judge exercised her discretion and imposed a final sentence of from two to fourteen years. The trial court did not abuse its discretion to the extent that it shocks the conscience of this Court. *People v Coles, supra,* p 550.

Affirmed.