PEOPLE v MILLER

Docket No. 87095. Submitted April 1, 1986, at Detroit. Decided June
    16, 1986.

    Defendant, Ralph I. Miller, was convicted following a jury trial in
    the Wayne Circuit Court of two counts of assault with intent to
    do great bodily harm less than murder and one count of
    possession of a firearm in the commission of a felony. The trial
    court, Thomas J. Foley, J., sentenced defendant to prison for
    from six years, eight months to ten years for the assault
    convictions and to the mandatory consecutive two-year term for
    the felony-firearm conviction. Defendant appealed and the
    Court of Appeals affirmed the convictions but remanded for
    resentencing on the ground that the trial court failed to give
    defendant an opportunity to exercise his right to allocution.
    (Unpublished per curiam opinion, Docket No. 78416, decided
    June 11, 1985.) On July 16, 1985, defendant was resentenced by
    Judge Foley to prison terms of the same duration as he origi-
    nally handed down. Judge Foley also indicated that the terms
    for the assault convictions and the felony-firearm conviction
    were to be served consecutively to the unexpired portion of a
    prison term for an armed robbery conviction, for which defen-
    dant had been placed on parole prior to October 5, 1983, the
    date on which the incident giving rise to this case occurred.
    Defendant appeals therefrom. Prior to this appeal, habitual
    offender proceedings were instituted against defendant pursu-
    ant to a separate information filed by the prosecutor. Judge
    Foley disqualified himself from those proceedings and, after a
    bench trial before John R. Kirwan, J., defendant was convicted
    and sentenced to from thirteen years, four months to twenty

REFERENCES

Am Jur 2d, Appeal and Error § 976.

Am Jur 2d, Criminal Law §§ 552, 580 et seq., 588 et seq.

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 6 et
    seq., 29 et seq.

Increased sentences for dangerous offenders under 18 USCS § 3575.
    41 ALR Fed 576.

Right to credit on state sentence for time served under sentence of
    court of separate jurisdiction where state court fails to specify in
    that regard. 90 ALR3d 408.

years imprisonment on September 6, 1984. Defendant appealed from that conviction and sentence and the Court of Appeals affirmed. (Unpublished per curiam opinion, Docket No. 82147, decided October 28, 1985.) The facts indicate that at the resentencing Judge Foley refused to vacate the sentence imposed for one of the assault convictions under the belief that Judge Kirwan was the only judge who could order vacation of the sentence. At the sentencing for the habitual offender conviction, Judge Kirwan did not order vacation of the sentence for one of the underlying offenses, and the issue was not raised on the appeal from the habitual offender trial. Defendant appeals from the resentencing by Judge Foley. *Held:*

1. A parolee is not subject to incarceration for purposes of MCL 768.7a, the statutory provision relied upon by Judge Foley in imposing consecutive sentences, and, hence, consecutive sentencing cannot be imposed for the assault convictions.

2. Defendant's request that resentencing on the underlying offenses take place before a different judge was denied.

3. The consecutive sentences imposed for the assault convictions are reversed and the case remanded to Judge Foley for resentencing. Thereafter, the case is remanded to Judge Kirwan for a resentencing on the habitual offender charge in which one of the sentences imposed on the underlying convictions is to be set aside.

Reversed and remanded.

1. CRIMINAL LAW — SENTENCING — CONCURRENT SENTENCES — CONSECUTIVE SENTENCES.

Concurrent sentences are the norm in Michigan and consecutive sentencing is not to be used except when specifically authorized by statute.

2. CRIMINAL LAW — PRISONS AND PRISONERS — PAROLE — CONSECUTIVE SENTENCES.

A statute provides that if an inmate incarcerated in or escaping from a penal or reformatory institution commits a crime punishable by imprisonment, then the prison term imposed on conviction for that crime should be served consecutively to the unexpired term from any prior conviction; a parolee is not subject to incarceration for purposes of the statute, hence, consecutive sentencing cannot be imposed under the statute for a conviction for a crime committed by a parolee (MCL 768.7a; MSA 28.1030[1]).

3. CRIMINAL LAW — SENTENCING — HABITUAL OFFENDERS.

An habitual offender statute provides that if the accused pleads

guilty to an habitual offender information or if the jury returns a verdict of guilty thereto, the court may sentence the offender to the punishment prescribed in the relevant habitual offender statute and shall vacate the previous sentence imposed on the underlying felony, deducting from the new sentence all time actually served on the vacated sentence if required (MCL 769.13; MSA 28.1085).

4. CRIMINAL LAW — SENTENCING — JURISDICTION.

The Legislature has indicated its intention to confer upon trial courts alone the power to impose criminal sentences; policy considerations dictate that sentencing should remain the responsibility of the trial courts (MCL 769.1; MSA 28.1072).

5. APPEAL — CRIMINAL LAW — SENTENCING — RESENTENCING.

An appellate court must remand a case to the trial court if the appellate court determines that resentencing is necessary; the appellate court may direct that the defendant be resentenced by a different judge if the court determines that is warranted by the circumstances (MCL 769.1; MSA 28.1072).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Curtis W. Smith,* Assistant Prosecuting Attorney, for the people.

*Douglas Hamel,* and *Frank Singer,* of counsel, for defendant on appeal.

Before: CYNAR, P.J., and WAHLS and E. E. BORRADAILE,* JJ.

E. E. BORRADAILE, J. This case has had a tortured and tortuous route through the trial and appellate process of this state. The incident giving rise to this case occurred on October 5, 1983, in Highland Park, when defendant shot a police officer and exchanged gunfire with another police officer. Defendant was arrested and charged with two counts of assault with intent to commit mur-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

der and one count of felony-firearm. On March 14, 1984, defendant was convicted of two counts of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and one count of possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2), after a jury trial before Wayne Circuit Court Judge Thomas J. Foley. On April 10, 1984, Judge Foley sentenced defendant to prison for from six years, eight months to ten years for the assault convictions, and to the mandatory consecutive two-year term for the felony-firearm conviction.

The case was then appealed to this Court, which affirmed the convictions but remanded for resentencing on the ground that the trial court failed to give defendant an opportunity to exercise his right to allocution. *People v Miller* (Docket No. 78416, decided June 11, 1985 [unreported]). Defendant was resentenced before Judge Foley on July 16, 1985, and it is from that proceeding that the present appeal was taken as a matter of right.

Prior to this appeal, however, habitual offender proceedings under MCL 769.11; MSA 28.1083 were instituted pursuant to a separate information filed by the prosecutor. Judge Foley disqualified himself from the habitual offender proceedings on July 17, 1984. Defendant was found guilty of being an habitual offender by Wayne Circuit Court Judge John R. Kirwan on July 19, 1984, after a bench trial. On September 6, 1984, Judge Kirwan sentenced defendant to from thirteen years, four months to twenty years imprisonment. Defendant appealed from his habitual offender conviction as a matter of right, but this Court affirmed. *People v Miller* (Docket No. 82147, decided October 28, 1985 [unreported]).

During the resentencing proceeding, Judge Foley sentenced defendant to prison terms of the same

duration as he originally handed down on April 10, 1984. He also indicated that the terms for the assault convictions and the felony-firearm conviction were to be served consecutively to the unexpired portion of a prior term for an armed robbery conviction, for which defendant had been placed on parole prior to the October 5, 1983, events, but for which he had been placed on hold by the parole board when he was arrested on the felony-firearm and assault with intent to commit murder charges.

Judge Foley, though requested by defendant to set aside the term for one of the assault, or "underlying offense," convictions pursuant to MCL 769.13; MSA 28.1085, which provides for vacating the sentence for the underlying offense after a conviction as an habitual offender, refused to do so, apparently under the belief that Judge Kirwan, the presiding judge at the habitual offender trial, was the only judge who could order vacation. At the sentencing for the habitual offender conviction, Judge Kirwan did not order vacation of the sentence for one of the underlying offenses, and the issue was not raised on the appeal as of right from the habitual offender trial.

We reverse the consecutive sentences imposed for the assault convictions and remand this case to Judges Foley and Kirwan for resentencing.

I

Michigan law seems quite clear that concurrent sentences are the norm and consecutive sentencing is not to be used except when specifically authorized by statute. *People v Henry,* 107 Mich App 632; 309 NW2d 922 (1981). See also *Wayne Co Prosecutor v Recorder's Court Judge,* 406 Mich 374: 280 NW2d 793 (1979), app dis 444 US 948; 100 S Ct

418; 62 L Ed 2d 317 (1979), for an excellent discussion of when sentences may run consecutively as opposed to concurrently.

MCL 768.7a; MSA 28.1030(1), the statutory provision relied upon by the trial court in imposing consecutive sentences, requires that, if an inmate incarcerated in or escaping from a "penal or reformatory institution" commits a crime punishable by imprisonment, then the prison term imposed for that crime should be served consecutively to the unexpired time from any prior conviction. In *People v Walker,* 143 Mich App 479; 372 NW2d 596 (1985), this Court held that a parolee is not subject to incarceration for purposes of that section of the statute and, hence, that consecutive sentencing cannot be imposed since the parolee "is free from the enclosures of a prison facility." *Id.,* p 481 (quoting *People v Sanders,* 130 Mich App 246, 251; 343 NW2d 513 [1983]). *Walker* is indistinguishable from the instant case and thus mandates the same result.

Defendant also requests that resentencing on remand take place before a different judge than the presiding judge at the underlying offense trial and resentencing proceedings, but has failed to cite authority or to provide any rationale for this request. There appears to this Court to be no justification for such a request, and that request accordingly is denied.

II

MCL 769.13; MSA 28.1085 clearly requires that the sentence for the underlying offense be vacated. See also *People v Thomas Johnson,* 133 Mich App 150, 156-157; 348 NW2d 716 (1984); *People v Nathaniel Johnson,* 113 Mich App 414, 422; 317 NW2d 645 (1982). The language of the statute is

that "[i]f the accused pleads guilty to the information or if the jury returns a verdict of guilty, the court may sentence the offender to the punishment prescribed in section 10, 11, or 12, and *shall* vacate the previous sentence, deducting from the new sentence all time actually served on the vacated sentence if required." (Emphasis added.)

The difficulty arises in this case because one judge heard the trial of the underlying offenses and then disqualified himself from hearing the habitual offender proceeding. Both the underlying convictions and the habitual offender conviction have been appealed to this Court, and this Court, in the appeal from the assault convictions, indicated as dictum that the sentence for one of the underlying offenses must be vacated at resentencing, but failed to directly address the question as to which proceeding is appropriate to make this order.

The appeal as of right in this case was taken from the assault and felony-firearm proceedings only, not the habitual offender proceedings which were conducted before a different judge and from which another appeal as of right was taken earlier. The question of whether defendant is entitled to a vacation order, which he clearly is, is not really before this Court on this particular appeal, and it has been said that an issue arising from a related proceeding separate from the proceeding in which the appeal is taken is outside the scope of the appeal for which the opinion is requested. *German v German,* 57 Mich 256, 259; 23 NW 802 (1885). We are satisfied, however, that to allow this to stand without correction would be exalting form over substance, and accordingly deal with the issue.

In *People v Thomas Johnson, supra,* 133 Mich App 157, this Court, in a situation not quite analo-

gous, but similar, where there had been no vacation of the sentence imposed for the underlying felony, modified the sentence on its own order. We believe that *People v Coles,* 417 Mich 523, 536; 339 NW2d 440 (1983), dictates that the matter must be remanded to the trial court for resentencing:

> However, an appellate court's authority to consider appeals involving sentencing issues and that court's authority to resentence the defendant on appeal are two separate matters. If the court determines that resentencing is necessary, the case must be remanded to the trial court. The appellate court may direct that the defendant be resentenced by a different judge if the court determines that is warranted by the circumstances.
>
> We reach this conclusion for two principal reasons. First, the Legislature has indicated its intention to confer upon the trial courts alone the power to impose criminal sentences. Second, policy considerations dictate that sentencing should remain the responsibility of the trial courts.

The *Coles* Court, in determining that a trial court must impose sentence, quoted from MCL 769.1; MSA 28.1072, which reads as follows:

> A judge of a court having jurisdiction is authorized and empowered to pronounce judgment against and pass sentence upon a person convicted of an offense in a court held by that judge. The sentence shall not be in excess of the sentence prescribed by law.

MCL 769.13; MSA 28.1085 uses the term "court" and does not use the term "judge" as does MCL 769.1; MSA 28.1072. The Legislature has provided in MCL 762.1; MSA 28.844 that the various courts and persons of this state now having jurisdiction and powers over criminal causes shall have such

jurisdiction and powers as are now conferred upon them by law.

If this case were not one where the consecutive sentence was given for the underlying assault felonies, we would have no problem in sending the case back for resentencing to the judge who sentenced on the habitual offender charge and requiring compliance with MCL 769.13; MSA 28.1085. However, in view of the confusion between one judge trying the underlying offenses and the other judge trying the habitual offender charge, we accordingly send the case back to the trial judge on the underlying assault with intent to do great bodily harm less than murder charges and require that he correct his sentences, and that the case then be submitted to the judge who sentenced on the habitual offender charge for him to set aside one of the sentences on the underlying convictions of assault with intent to do great bodily harm less than murder in resentencing on the habitual offender charge.[1]

Reversed and remanded for proceedings consistent with this opinion.

---

[1] This case perhaps would not have the same problems if the same jury that had heard the underlying offenses also heard the habitual offender charges. It appears that it is within the discretion of the trial court whether the same jury hears both cases. See *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968). See also *People v Eroh,* 47 Mich App 669; 209 NW2d 832 (1973); *People v Elmore,* 92 Mich App 678; 285 NW2d 417 (1979); Anno: *Juror's Presence at or Participation in Trial of Criminal Case (or Related Hearing) as Ground of Disqualification in Subsequent Criminal Case Involving Same Defendant,* 6 ALR3d 519.