PEOPLE v HAMBRICK

Docket No. 101405. Submitted January 28, 1988, at Lansing. Decided
    March 11, 1988.

Thaddeus Lenard Hambrick pled guilty to larceny over $100 and
    to being an habitual offender, fourth offense, Oakland Circuit
    Court, Norman L. Lippitt, J. The trial court sentenced defen-
    dant to imprisonment of two to fifteen years and denied a
    motion by defendant for the withdrawal of his guilty pleas or
    for a resentencing. An untimely claim of appeal was treated by
    the Court of Appeals as an application for delayed appeal,
    which the Court granted.

    The Court of Appeals *held:*

    1. Where, as in this case, the defendant has yet to be
    sentenced on the underlying felony when his status as an
    habitual offender is established, the sentencing court is to
    impose sentence on the underlying felony based on the sentenc-
    ing range provided in the applicable habitual offender statute.
    Here, the trial court properly imposed a sentence for the
    underlying offense that took into consideration defendant's
    habitual offender status and the sentence was within the range
    of the applicable habitual offender statute.

    2. Contrary to defendant's claim, reasons for the sentence
    imposed were articulated on the record.

    Affirmed.

Sentencing — Habitual Offenders.

    Where a defendant has yet to be sentenced on the underlying
    felony when his status as an habitual offender is determined,
    the sentencing court is to impose sentence on the underlying
    felony based on the sentencing range provided in the applicable
    habitual offender statute (MCL 769.13; MSA 28.1085).

*Frank J. Kelley,* Attorney General, *Louis J.*

References

Am Jur 2d, Criminal Law §§ 525 *et seq.*
Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 29-30.
See the Index to Annotations under Habitual Criminals and Subse-
    quent Offenders; Sentence and Punishment.

*Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Michael J. Modelski,* Assistant Prosecuting Attorney, for the people.

*Sandra Posner-Wedes,* for defendant on appeal.

Before: DANHOF, C.J., and MACKENZIE and P. R. JOSLYN,* JJ.

PER CURIAM. Defendant pled guilty to larceny of property valued in excess of $100, MCL 750.356; MSA 28.588, and to being a fourth-felony offender, MCL 769.12; MSA 28.1084. Defendant's plea was given in exchange for dismissal of two counts of possession of stolen property with a value over $100. Defendant was sentenced to two to fifteen years in prison. Defendant's motion to withdraw his guilty plea or for a resentencing was denied. An untimely claim of appeal was treated by this Court as an application for delayed appeal, and was granted.

Defendant's first argument is that he should have his guilty plea set aside or he should be resentenced because the court failed to comply with MCL 769.13; MSA 28.1085. As noted by the trial court at the hearing on defendant's motion for resentencing, this statute is often inconsistently applied. MCL 769.13; MSA 28.1085 provides that after conviction of a crime and either before or after sentencing, a defendant may be charged as an habitual offender. The statute further provides: "If the accused pleads guilty to the information or if the jury returns a verdict of guilty, the court may sentence the offender to the punishment prescribed in section 10, 11, or 12 and shall vacate the previous sentence." This Court has

---

* Circuit judge, sitting on the Court of Appeals by assignment.

consistently vacated sentences for underlying felonies when the trial court has imposed concurrent sentences for the underlying felony and the habitual offender charge. *People v Nathaniel Johnson,* 113 Mich App 414, 422; 317 NW2d 645 (1982); *People v Thomas Johnson,* 133 Mich App 150, 157; 348 NW2d 716 (1984). In both of these cases, the underlying felony and habitual offender sentences were imposed in one sentencing proceeding.

Likewise, in *People v Gren,* 152 Mich App 20; 391 NW2d 508 (1986), defendant was sentenced in one proceeding for an underlying felony and an habitual offender charge. The court first ordered a sentence for the underlying felony, then vacated that sentence and ordered an enhanced sentence based on defendant's habitual offender status. Although it was not error warranting reversal, this Court noted that defendant should be sentenced only once for the underlying offense based on the sentence range established by the habitual offender statutes. Further, it was noted that a defendant could be sentenced twice only when the habitual offender status is discovered after conviction and sentencing for the underlying felony. In such a case, it is necessary to vacate the sentence for the underlying felony before resentencing the defendant within the habitual offender sentencing range. That was the situation in *People v Miller,* 152 Mich App 508; 394 NW2d 459 (1986), where defendant was sentenced for the underlying felony and several months later was sentenced for his habitual offender status. This Court said that defendant's sentence for the underlying felony should be vacated.

It is clear that a defendant should not be given concurrent sentences for an underlying felony and

an habitual offender charge.[1] Two sentences should not be imposed because the habitual offender charge is a means of sentence enhancement rather than a substantive offense. Therefore, if defendant has not yet been sentenced for the underlying felony, the trial court should do so based on the sentencing ranges in the applicable habitual offender statute. Only when defendant has already been sentenced for the underlying felony in a prior proceeding should that sentence be vacated and a new sentence imposed based on the sentencing ranges in the applicable habitual offender statute.

In the present case, defendant had not been sentenced for the underlying felony when his habitual offender status was determined. Therefore, the trial court properly imposed one sentence for the underlying offense that took into consideration defendant's habitual offender status and was within the sentence range of the applicable habitual offender statute.

Defendant's second argument is that the trial court failed to articulate reasons for the sentence imposed as required by *People v Coles*, 417 Mich 523; 339 NW2d 440 (1983). A review of the entire proceeding reveals that the court decided to impose a lenient sentence because defendant had not had a felony conviction since 1980 and he had obtained his GED while in the Oakland County Jail. The court also considered defendant's three prior felony convictions and his family background. We believe that the purposes of articulation, which are justification of the sentence and development of a rational policy on which to sen-

---

[1] We cannot imagine a case in which such an error would require setting aside a guilty plea or resentencing, as defendant argues. Errors of this nature may be corrected through this Court's power to vacate one of the sentences. However, in the interest of economy, it is preferable that trial courts follow the proper procedure.

tence in the future, have been met in this case. *Coles, supra,* p 549.

Affirmed.